Mr. Justice Richardson,
delivered the opinion of the court.
It must always be borne in mind, when costs are claimed by any officer, as well as by an attorney of this court, that unless such costs are expressly given by statute, none can be allowed. Admitting that the clause quoted, might literally embrace tins case, which is questionable, it is a clause of the county court act and was evidently intended to regulate the commissions of the former county court sheriffs in certain cases. That clause too, together with most of the provisions of the county court act, was repealed by the Judiciary act of 1798. The act also of 1791, regulating the fee bill expressly repeals all former acts allowing costs to the officers of this court in these words ; i. e. “ that all former acts, &c. — for regulating, &c. — salaries and fees throughout this state, or in the districts or counties thereof, &c.~-shalf be and the same are hereby repealed.” This *421 repealing clause appears general enough to put an end to all former acts, customs and usages upon the subject of costs, &c. In any view, as no act is found which gives expressly a right to the supposed costs, the common law rule which allows no costs, must be applied.
Deliesseline, for the motion.
-, contra.
The motion is therefore refused unanimously.
Justices Colcock, Johnson, and Natt, concurred,,